UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| H. BOYLE,<br><br>            Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No. 3:24-cv-05761-JHC<br><br>ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION |

**I**
**INTRODUCTION**

This matter comes before the Court on Plaintiff's Complaint for Judicial Review of Social Security Benefits. Dkt. # 3. Plaintiff seeks review of the denial of her application for Social Security benefits. Plaintiff contends that the Administrative Law Judge (ALJ) erred in rejecting the medical opinions of Kimberly Wheeler, Ph.D. and David Widlan, Ph.D. For the reasons below, the Court AFFIRMS the Commissioner's final decision.

**II**
**BACKGROUND**

Plaintiff is 45 years old, appears to have completed no more than a sixth-grade education, and has no work experience. Administrative Record (AR) at 45–48. On August 23, 2021, Plaintiff filed an application for supplemental security income, claiming disability due to

1  "DEPRESSION; ANXIETY; AMNESIA; HEART ATTACK; MEMORY DEFICIT; TRIPLE
2  BY PASS HEART SURGERY; COVERSION [*sic*] DISORDER; FUGUE STATE[, and]
3  Psychosis and delusions." *Id.* at 17, 72.

4  On October 2, 2023, the ALJ issued a decision concluding that Plaintiff was not disabled
5  under the Social Security Act since the filing of her application. *Id*. at 18. As pertinent here, the
6  ALJ determined that Plaintiff has the residual functional capacity to perform

> a full range of work at all exertional levels but with the following non-exertional limitations: she can understand, remember and apply short, simple instructions; she can perform routine, predictable tasks; she cannot work in a fast paced, production type environment; she can make simple decisions; she can have exposure to few, routine workplace changes; and she can have no interaction with the general public and only occasional interaction with coworkers and supervisors, but not involving team-related activities.

*Id*. at 23. In making this finding, the ALJ rejected the opinions of Dr. Wheeler and Dr. Widlan, which are discussed below. *Id.* at 27–28. The ALJ concluded that based on Plaintiff's residual functional capacity, she could perform jobs that exist in significant numbers in the national economy and was thus not disabled. *Id.* at 30.

Plaintiff appealed the ALJ's decision to the Appeals Council, which denied her request for review on July 15, 2024. *Id*. at 1. Plaintiff appeals before this Court.

### III
### DISCUSSION

"This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record." *Reynoldson v. Comm'r of Soc. Sec.*, 649 F. Supp. 3d 1114, 1118 (W.D. Wash. 2023). Substantial evidence is evidence that a reasonable mind could accept as enough to support a conclusion. *See Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022). "Where evidence is susceptible to more

than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id.* (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

Under the 2017 revised Social Security regulations, an ALJ must articulate the persuasiveness of each medical opinion using several factors, specifically supportability and consistency. *Id.* at 791–92 (quoting 20 C.F.R. § 404.1520c(a)). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Id.* at 791–92 (quoting 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)). A reviewing court must uphold the ALJ's assessments of these factors if they are supported by substantial evidence. *See Stiffler v. O'Malley*, 102 F.4th 1102, 1106 (9th Cir. 2024).

Plaintiff asserts that the ALJ did not properly credit Dr. Wheeler and Dr. Widlan's opinions in determining her residual functional capacity.[1] The Court concludes that the ALJ properly assessed these opinions.

A.  Dr. Wheeler's opinion

The ALJ's rejection of Dr. Wheeler's opinion is supported by substantial evidence. Plaintiff asserts that the ALJ did not properly credit Dr. Wheeler's observation that Plaintiff cannot recall memories from the year before. Dkt. # 8 (citing AR 329). But this assertion is a

---

[1] The ALJ also considered Dr. Wheeler's and Dr. Widlan's opinions in other parts of the decision that do no concern residual functional capacity. *See e.g.*, AR 20. But Plaintiff's opening brief cites the AR only twice, and the only citation to the ALJ's decision pertains to the ALJ's residual functional capacity finding. *See* Dkt. # 8 at 2–3 (citing AR 28). And Plaintiff did not file a reply brief opposing Defendant's focus on the ALJ's residual functional capacity finding in the response brief. Thus, the Court reviews only the ALJ's residual functional capacity finding. *See Dianna H. v. Comm'r of Soc. Sec.*, 2025 WL 1355379, at *2–3 (W.D. Wash. May 9, 2025) (observing that Plaintiff's counsel has, in other cases in this district, waived "arguments that he briefed inadequately.").

ORDER AFFIRMING THE COMMISSIONER'S
FINAL DECISION - 3

nonstarter because the ALJ's residual functional capacity finding (reproduced above in Section II) is not based on Plaintiff's capacity for long-term memory. For this reason, both of Plaintiff's underlying contentions miss the mark.

Plaintiff challenges the ALJ's conclusion that Dr. Wheeler's opinion is unsupported by her own exam findings:

> Dr. Wheeler noted abnormal memory, but she also explained that the claimant's report of total amnesia prior to the last year was inconsistent with the claimant's current level of functioning which included exercising, walking, preparing a variety of different types of foods for herself, watching television, and listening to music.

AR at 27. Plaintiff asserts that the ALJ did not sufficiently explain how her ability to engage in daily activities such as exercising and preparing food is inconsistent with her inability to recall memories from the prior year. But this assertion erroneously attributes to the ALJ a conclusion that was made by Dr. Wheeler. And in any event, the ALJ rejected Dr. Wheeler's observation about "abnormal memory," not the fact that Plaintiff had amnesia. Based on the ALJ's summary of Dr. Wheeler's opinion, "abnormal memory" appears to refer to Dr. Wheeler's observations that Plaintiff "had moderate limitations understanding, remembering, and persisting in tasks." *Id.* The ALJ mentions "total amnesia" in reasoning that Plaintiff's long-term memory loss does not affect her ability to engage in daily activities. Substantial evidence supports the ALJ's rejection of Dr. Wheeler's observation about Plaintiff's cognitive limitations, which were unsupported by the expert's own observations but also identified in a checkbox form with minimal narrative explanation. *See Kitchen v. Kijakazi*, 82 F.4th 732, 740–41 (9th Cir. 2023) (an ALJ may discount medical opinions that are unsupported by the expert's own clinical findings or "set forth in a checkbox form with little to no explanation"); AR 331.

The ALJ also concluded that Dr. Wheeler's opinion was inconsistent with other record evidence, citing "multiple mental status exams showing [that] the claimant's memory was intact,

her thought processes remained logical and linear, her speech remained normal, and [that] she was cooperative and engaged during the exam." AR 27. Plaintiff asserts that the ALJ erred in relying on the mental status exams because none of them required her to recall distant information. But the ALJ did not conclude that these mental status exams supported a finding that Plaintiff could recall long-term memories; the ALJ merely concluded that they showed that her "memory was intact."

In sum, substantial evidence supports the ALJ's assessment of Dr. Wheeler's opinion for supportability and consistency. And even if the ALJ failed to credit Dr. Wheeler's opinion as to Plaintiff's long-term memory loss, Plaintiff does not explain why this would not be "harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Reynoldson*, 649 F. Supp. 3d at 1123–24 (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)).

B.    Dr. Widlan's opinion

The ALJ's rejection of Dr. Widlan's opinion is also supported by substantial evidence. Plaintiff appears to contend that the ALJ (1) did not properly credit Dr. Widlan's opinion as to her cognitive limitations; (2) did not explain how parts of Dr. Widlan's opinion are unsupported by his own observations; and (3) erroneously relied on Plaintiff's ability to engage in daily activities. These contentions are unpersuasive.

First, the ALJ credited some of Dr. Widlan's opinion and incorporated these observations into the residual functional capacity finding:

> Nevertheless, the undersigned notes that the claimant also exhibited abnormalities during Dr. Widlan's exam including disorganized, tangential, and circumstantial thinking; difficulty making goal-directed statements; incorrectly stating the day of the week; inability to identify specific time periods for life events; borderline to deficient backward recall; deficits in insight, judgment, and abstract thinking; difficulty spelling backwards and difficulty with serial 7 tasks; and inability to

complete a three-step task. The claimant also reported problems communicating with people. Given these findings, the undersigned finds that the residual functional capacity stated above would better address the claimant's limitations.

AR 28 (internal citations omitted).

Plaintiff appears to contend that because the ALJ acknowledged some of Dr. Widlan's opinion as to her cognitive limitations, the ALJ should have credited all of Dr. Widlan's opinion. But Plaintiff does not develop this contention; she merely says, "These findings are sufficient to support the opinion of Dr. Widlan." Dkt. # 8 at 3.  To the extent that this contention is not waived, *see Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("[A] bare assertion does not preserve a claim."), the Court concludes that the ALJ properly assessed the supportability and consistency factors.  The ALJ rejected part of Dr. Widlan's opinion reporting that Plaintiff likely could not engage in daily activities because Dr. Widlan also observed, for example, that "she is able to wash dishes and cleans the bathroom every day." AR 28 (citing AR 1008).  And the ALJ rejected part of Dr. Widlan's opinion reporting that Plaintiff had deficiencies in memory and concentration because this was inconsistent with other evaluations in the record.  *Id.* (citing AR 1038, 1045).  The ALJ's rejection of these parts of Dr. Widlan's opinion does not appear at odds with the ALJ's crediting other parts of Dr. Widlan's opinion as stated in the passage quoted above.  To be sure, it might be that crediting Dr. Widlan's opinion as to Plaintiff's "disorganized, tangential, and circumstantial thinking," is at odds with rejecting his opinion as to her deficiencies in memory and concentration.  But a reasonable person could conclude that "disorganized, tangential, and circumstantial thinking" means something different from deficiencies in memory and concentration because the adjectives "disorganiz[ed]," "tangential," and "circumstantial" appear in sections of Dr. Widlan's opinion titled "Content of Thought" and

"Stream of Mental Activity," which are distinct from sections titled "Memory" and "Concentration." *See id.* at 1007–08.

Second, Plaintiff appears to assert that the ALJ did not explain how parts of Dr. Widlan's opinion are unsupported by other parts of his opinion. Specifically, Plaintiff asserts that the ALJ did not explain what parts of Dr. Widlan's opinion were unsupported by his observations that she "was dressed and groomed appropriately," and had a normal fund of knowledge. *Id.* at 28 (citing AR 1007–08). But because the ALJ set forth a summary of Dr. Widlan's opinion before explaining that parts of it were unsupported, it can be inferred what parts of Dr. Widlan's opinion are unsupported. For example, Dr. Widlan's observation that Plaintiff "was dressed and groomed appropriately" does not support his report that she had deficits in social reasoning and ability to engage in activities of daily living. *See id.* And Dr. Widlan's observation that Plaintiff had a normal fund of knowledge does not support his report that she had deficits in memory. Plaintiff cites no legal authority suggesting that further explanation is required. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[W]e will not fault the agency merely for explaining its decision with less than ideal clarity.") (quotation marks and citation omitted).

Finally, Plaintiff appears to assert that the ALJ erred by giving undue weight to her ability to carry out daily activities. She only supports her assertion with courts holding that "One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). But she cites no part of the ALJ's decision suggesting that the ALJ required her to show that she was utterly incapacitated to be found disabled or based the decision solely on her ability to carry out daily activities. Nor does she explain how *Vertigan*, 260 F.3d at 1049–50, and *Fair*, 885 F.2d at 602–03 are on point. Both were decided before the applicable 2017 regulations for assessing

ORDER AFFIRMING THE COMMISSIONER'S
FINAL DECISION - 7

medical opinions and the parts of the cases that Plaintiff cites concern an ALJ's improper evaluation of a claimant's credibility–a rationale not advanced here.

## IV
## CONCLUSION

For these reasons, the Court AFFIRMS the Commissioner's final decision, and this case is DISMISSED with prejudice.

Dated this 16th day of July, 2025.

*John H. Chun*
John H. Chun
United States District Judge

ORDER AFFIRMING THE COMMISSIONER'S
FINAL DECISION - 8